IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYRUS NATHANIEL FRANK,

     Plaintiff,

v.                                         Civ. No. 23-0804-KG-SCY

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY,

     Defendant.

MEMORANDUM OPINION AND ORDER

     This matter is before the Court on the Motion to Dismiss filed by Defendant Board of County Commissioners for Bernalillo County (the Board). (Doc. 4) (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but permit Plaintiff to amend his claims.

I.    Background

     This case stems from Plaintiff's state criminal prosecution and his conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. The Prisoner Civil Complaint consists of one page. (Doc. 1-1) (Complaint). Plaintiff alleges he did not receive a hearing for his initial appearance upon his arrest. *Id.* at 1. The state court also allegedly ordered him to remain in pretrial custody without bond. *Id.* Plaintiff contends he has been locked down almost every day due to staff shortages and that there are no lighted exit signs or "escape routes posted in violation of the fire code." *Id.* Plaintiff submitted grievances on these

issues but has not obtained internal relief. *Id.*

The caption of the Complaint lists the Board as the Defendant. (Doc. 1-1) at 1. The body of the Complaint also states that "Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, Warden Richardson/Jones are named …." *Id.* The Complaint raises claims for cruel and unusual punishment false imprisonment, malicious prosecution, and abuse of process under the under the U.S. Constitution. *Id.* Plaintiff seeks damages equal to $1,700 per day of incarceration. *Id.*

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. (Doc. 1-1) at 1. On September 19, 2023, the Board removed the case based on federal-question jurisdiction and filed the instant Motion under Fed. R. Civ. P. 12(b)(6). (Docs. 1, 4). Plaintiff has not filed a response to the Motion. The matter is therefore ready for review.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). "A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a cognizable claim against any Defendant. As to the individuals named in the body of the Complaint, it is not clear who the individuals are and how they were involved in any alleged wrongdoing. The Complaint also fails

to establish the Board is liable for any wrongdoing.  To establish liability of local-government entities under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).  There are no facts showing the Board promulgated a policy or custom that caused any constitutional violations.

Even if Plaintiff sufficiently tied each Defendant to the alleged wrongdoing, the facts do not demonstrate a constitutional violation.  The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  Eighth Amendment claims "involve[] both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  A Section 1983 plaintiff must satisfy the objective component by showing prison conditions threaten his safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  To satisfy the subjective component, the plaintiff must demonstrate each defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  Plaintiff's allegation that he experiences frequent lockdowns and cannot discern lighted signs or "escape routes" in the event of a fire are too vague to demonstrate an objective violation.  The Complaint is also devoid of facts showing any Defendant was aware of a substantial risk of harm.  Hence, the Complaint fails to state an Eighth Amendment claim.

Plaintiff's reference to "false imprisonment, malicious prosecution, and abuse of process" also fails to state a cognizable claim under Section 1983.  False imprisonment occurs when a defendant is "intentionally confining or restraining another person without his consent and with

knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). The Complaint provides insufficient factual detail to demonstrate any Defendant is detaining Plaintiff without legal authority. As to malicious prosecution, the Complaint suggests Plaintiff's state criminal prosecution is still pending. He has not shown "the original action terminated in [his] favor," which is an essential element of the claim. *See Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). The abuse of process claim fails for similar reasons. Plaintiff has not shown any conduct that "would be in improper in the regular prosecution … of a claim." *See Mocek v. City of Albuquerque,* 813 F.3d 912, 936 (10th Cir. 2015).

For these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Court will grant the Motion, in part, and dismiss the Complaint. However, leave to amend will be granted, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the federal claims with prejudice.

Plaintiff is finally reminded that he must file a 28 U.S.C. § 2241 habeas petition, if he challenges his pretrial custody. *See Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007) (Section 2241 "is the proper avenue by which to challenge pretrial detention."). The Court will not interfere with his state criminal prosecution or order his release from custody in this civil rights proceeding. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

5

IT IS ORDERED:

1. Defendant Board of County Commissioners for Bernalillo County's Motion to Dismiss (Doc. 4) is granted, in part.

2. Plaintiff's Prisoner Civil Complaint (Doc. 1-1) is dismissed without prejudice.

3. Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE