IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYRUS NATHANIEL FRANK,

    Plaintiff,

v.                                                                               Civ. No. 23-0804-KG-SCY

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Cyrus Nathaniel Frank's failure to file an amended complaint that alleges a plausible claim. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. His original Complaint consists of one handwritten page. (Doc. 1-1). It alleges Plaintiff did not receive a state hearing for an initial appearance upon his arrest. *Id.* at 1. The state court also allegedly ordered him to remain in pretrial custody without bond. *Id.* Plaintiff further alleges he has been locked down almost daily and that there are no lighted exit signs or "escape routes posted in violation of the fire code." *Id.* The caption of the original Complaint lists the Board of County Commissioners for Bernalillo County (the Board) as the Defendant. *Id.* at 1. The body of that pleading also states that "Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, Warden Richardson/Jones are named …." *Id.* The original Complaint seeks damages seeks damages equal to $1,700 per day of incarceration for "false imprisonment, malicious prosecution, … abuse of process, [and] cruel and unusual punishment [under the] U.S. Constitution." *Id.*

Plaintiff filed the original Complaint in New Mexico's Second Judicial District Court. (Doc. 1-1). On September 19, 2023, the Board removed the matter to this Court based on federal

question jurisdiction. (Doc. 1). The Board also filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 4) (Motion). The certificate of service reflects that the Board mailed a copy of the Motion to Plaintiff at his address of record. *Id.* at 5. Plaintiff did not respond to the Motion.

By a ruling entered April 15, 2024, the Court granted the Board's Motion, in part, and screened the claims against any remaining Defendants under 28 U.S.C. § 1915A. (Doc. 5) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials). The Screening Ruling explains that the original Complaint fails to state a cognizable federal claim under the U.S. Constitution and 42 U.S.C. § 1983. As the Motion points out, the original Complaint does not connect the Board to any alleged wrongdoing. There are also no facts showing the Board promulgated a policy or custom that caused any constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (To establish liability of local-government entities under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."). As to the individuals named in the body of the original Complaint, the Screening Ruling explains that it is not clear who the individuals are and how they were involved in any alleged wrongdoing. The Screening Ruling further explains the facts do not demonstrate a constitutional violation for cruel and unusual punishment, false imprisonment, malicious prosecution, or abuse of process. For these reasons, the original Complaint was dismissed without prejudice under Rule 12(b)(6) and 28 U.S.C. § 1915A for failure to state a cognizable claim.

Courts must ordinarily grant leave to amend where a plaintiff's original *pro se* complaint fails to state a plausible claim for relief. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir.

1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely file an amendment that states a plausible claim for relief, the Court may dismiss his claims with prejudice. The deadline to amend was May 15, 2024. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Hence, the Court will dismiss all claims in the original Complaint (Doc. 1-1) with prejudice for failure to state a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A. *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").

Plaintiff is reminded that the dismissal of his civil Complaint has no impact on his ability to file a habeas corpus petition. Plaintiff must file a 28 U.S.C. § 2241 petition, if he wishes "to challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

IT IS ORDERED:

1. All claims in Plaintiff's original Civil Complaint (Doc. 1-1) are dismissed with prejudice for failure to state a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A.

2. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE